IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DEMARIS WALKER, | § | |
| | § | No. 430, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | Cr. ID No. 0203014277 |
| STATE OF DELAWARE, | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 17, 2016
Decided: January 17, 2017

Before **STRINE**, Chief Justice; **VAUGHN**, and **SEITZ**, Justices.

## **ORDER**

This 17th day of January 2017, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1)    The appellant, Demaris Walker, filed this appeal from the Superior Court's dismissal of his third motion for postconviction relief under Superior Court Criminal Rule 61.[1]   The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Walker's brief that his appeal is without merit.  We agree and affirm.

---

[1] *State v. Walker*, 2016 WL 3951340 (Del. Super. Ct. July 20, 2016).

(2) In April 2002, Walker and a co-defendant were charged in the March 2002 rape and robbery of an elderly woman in Georgetown, Delaware. Walker was seventeen years old at the time of the offenses. In October 2002, Walker's co-defendant pled guilty to one count each of Rape in the Second Degree and Attempted Robbery in the First Degree and agreed to testify at Walker's jury trial in February 2003.

(3) The jury convicted Walker of three counts of Rape in the Second Degree and one count each of Attempted Robbery in the First Degree, Burglary in the First Degree, Theft from a Senior, and Conspiracy in the Second Degree. On March 28, 2003, the Superior Court sentenced Walker to a total of 55 years of unsuspended incarceration. Walker's convictions and sentence were affirmed on direct appeal.[2]

(4) In 2006 and 2011, Walker filed motions for postconviction relief. Both motions were denied, and on appeal, the judgments were affirmed.[3] Walker filed his third motion for postconviction relief in May 2016. In it, Walker claimed that his sentence should be treated as a life sentence, and that the sentence violates the Eighth Amendment because the Superior Court did not consider that Walker was a juvenile at the time of the offenses. Also, Walker claimed that his trial

---

[2] *Walker v. State*, 2003 WL 22998847 (Del. Dec. 18, 2003).
[3] *State v. Walker*, 2006 WL 3851228 (Del. Super. Ct. Dec. 20, 2006), *aff'd*, 2007 WL 2744920 (Del. Sept. 20, 2007); *State v. Walker*, 2012 WL 2337316 (Del. Super. Ct. April 23, 2012), *aff'd*, 2012 WL 4473304 (Del. Sept. 27, 2012).

counsel was ineffective for failing to request a specific jury instruction on the credibility of accomplice testimony.

(5) This Court reviews the Superior Court's dismissal of a postconviction motion for abuse of discretion and questions of law *de novo*.[4] We are required to consider the procedural requirements of Rule 61 before addressing any substantive issues.[5] In this case, the Superior Court dismissed Walker's third postconviction motion under Rule 61(d)(2), which bars a successive motion for postconviction relief that fails to comply with certain pleading requirements.[6] Walker does not address Rule 61(d)(2) in his opening brief on appeal.

(6) Having carefully considered the parties' positions on appeal, the Court concludes that the dismissal of Walker's third postconviction motion should be affirmed. None of Walker's claims pleaded with particularity the existence of new evidence that created a strong inference of actual innocence or a new rule of constitutional law that was retroactively applicable as required under Rule 61(d)(2).[7] Walker's Eighth Amendment claim relied on a trilogy of United States Supreme Court decisions that together bar capital punishment and life sentences

---

[4] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).
[5] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[6] Del. Super. Ct. Crim. R. 61(d)(2) (providing that a second or subsequent motion for postconviction relief shall be summarily dismissed unless the movant was convicted after a trial and the motion pleads with particularity the existence of new evidence that creates a strong inference of actual innocence or a new rule of constitutional law that is retroactively applicable and renders the conviction invalid).
[7] *Id.*

3

without parole for juvenile offenders.[8]  Although it may be that the imposition of a specific sentence of years to a minor in a specific case could be deemed the equivalent of a life sentence that the Supreme Court could not logically distinguish from its holding in the trilogy of cases noted earlier, this is not such case.  At the time of his heinous crime, Walker was just shy of the age of majority.  Life expectancy in the United States is now 78.8 years,[9] which is over a decade beyond when Walker would be eligible for release.

(7)    No doubt 45 years is a long sentence for an offender sentenced when he was almost 18 years old.  But there are consequences to committing serious crimes of violence and rape.  The mere fact that a trial judge imposed a correspondingly serious sentence within his statutory discretion does convert that sentence into a life sentence simply because a state statute dealing with another context equates that time period to a life sentence for very different purposes.

(8)    Although Walker's sentence is lengthy, it is clear that the trial judge in fact tailored the sentence to enable Walker the chance for release at a time when he could be expected to have many years of life ahead of him.  Rule 61 provides a

---

[8] *See Roper v. Simmons*, 543 U.S. 551 (2005) (holding that death penalty cannot be imposed upon juvenile offenders); *Graham v. Florida*, 560 U.S. 48 (2010) (holding that life in prison without parole cannot be imposed upon juvenile offenders who did not commit homicide); *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (holding that mandatory sentencing schemes imposing life in prison without parole on juvenile homicide offenders violates the Eighth Amendment).
[9] We take judicial notice of this fact from the National Center for Health Statistics published by the Centers for Disease Control and Prevention: https://www.cdc.gov/nchs/fastats/life-expectancy.htm (last visited Jan. 16, 2017).

4

limited window for judicial review, especially upon a repetitive motion. Walker's claim does not fall within that window.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Justice